7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Stanley Carter KISER, Appellant.
 No. 93-1325.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1993.
Filed: October 26, 1993.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Stanley Carter Kiser was convicted of engaging in a continuing criminal enterprise, 21 U.S.C. § 848(b), conspiracy to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 846, and numerous counts of possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1), following his arrest at an airport on May 6, 1990. Before trial he moved to suppress evidence obtained after the seizure of his luggage at the airport, claiming the seizure violated his Fourth Amendment rights. Following a hearing, the district court determined that the evidence seized from the luggage was admissible despite any Fourth Amendment violation, due to the good faith exception announced in United States v. Leon, 468 U.S. 897 (1984),[1] and applied by this circuit in United States v. White, 890 F.2d 1413 (8th Cir. 1989), cert. denied, 111 S. Ct. 77 (1990).
 
 
 2
 On appeal of his conviction to this court, Kiser unsuccessfully argued, among other things, that White should be overruled and the evidence seized at the airport should have been suppressed. United States v. Kiser, 948 F.2d 418 (8th Cir. 1991), cert. denied, 112 S. Ct. 1666 (1992). Reaffirming the authority of White, this court rejected Kiser's argument that the good faith exception of Leon cannot be applied to a situation where an unconstitutional detention and seizure occurred before officers obtained their search warrant. Id. at 422.
 
 
 3
 In his present habeas corpus petition under 28 U.S.C. § 2255, Kiser contends that his trial and appellate counsel was ineffective for failing to cite and argue Murray v. United States, 487 U.S. 533 (1988), and United States v. Scales, 903 F.2d 765 (10th Cir. 1990), in support of his contention that White should be overruled. He claims that had the precedential authority of Murray and Scales been brought to the courts' attention the courts would have been compelled to suppress the evidence.
 
 
 4
 We now affirm the district court's conclusion that Kiser has failed to establish prejudice from his counsel's failure to cite two cases in support of his motion to suppress. See Strickland v. Washington, 466 U.S. 668, 693-94 (1984). Kiser concedes that "something similar to the reasoning [he] now advances was previously presented by his counsel at the suppression hearing and on appeal." Therefore, the courts have considered the legal argument and have rejected it. It can be assumed that the courts were aware of all controlling precedent in making this determination.
 
 
 5
 Accordingly, the judgment of the district court denying habeas relief is affirmed.
 
 
 
 [1]
 In United States v. Leon, 468 U.S. 897, 920 (1984), the Supreme Court held that the exclusionary rule should not apply to suppress evidence when an officer has acted with "objective good faith" in obtaining a search warrant which is ultimately determined to be invalid. The Leon good faith exception was applied by this court to an airport seizure in United States v. White, 890 F.2d 1413 (8th Cir. 1989), cert. denied, 111 S. Ct. 77 (1990), where we held that the officers lacked a reasonable, articulable suspicion to justify detaining White or his luggage and thus violated his Fourth Amendment rights. Id. at 1419. Nevertheless, the officers in White did not open and search the luggage until they obtained search warrants, and we held that the facts were "close enough to the line of validity to make the officers' belief in the validity of the warrant objectively reasonable." Id